

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DMP:EEA
F. #2016R01958

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 13, 2017

By Hand and ECF

Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Blaise Caroleo
                 Criminal Docket No. 17-177 (ENV)

Dear Judge Pollak:

      The government submits this letter in reference to the arraignment on the indictment scheduled in this case for Thursday, April 13, 2017 at 11:00 a.m.  For the reasons stated below, the government requests that the defendant, Blaise Caroleo, be permanently detained before trial.  Caroleo represents a danger to the community in that Caroleo coerced minor victims into performing sexual acts and sending him videos and images of these acts.  In addition, Caroleo poses a flight risk due to the nature of the charges against him.

A.    Legal Standard

      Caroleo, who is 52 years old, is charged with coercing and enticing a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2251(a) as well as distribution and receipt of child pornography.  These charges are "crimes of violence," pursuant to Title 18, United States Code, Section 3156(a)(4)(C).  As such, there is a statutory presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."  18 U.S.C. § 3142(e); see United States v. Valerio, 9 F. Supp. 3d 283, 287-88 (E.D.N.Y. 2014) (Bianco, J.); United States v. Colin, 07-CR-512, 2007 WL 4377723, at *2 (N.D.N.Y. Dec. 12, 2007).  Thus, the defendant has been indicted by a grand jury for crimes of violence for which the statutory presumption has been triggered.[1]

---

[1] The defendant has also been charged with possession of child pornography.

The defendant may rebut the statutory presumption "by coming forward with evidence that he does not pose a danger to the community or a risk of flight." Valerio, 9 F. Supp. 3d at 287-88; United States v. Mercedes, 254 F.3d 433, 436 (2d Cir. 2001).  As with any presumption case, once this burden of production has been satisfied, the government bears the burden of persuasion by "clear and convincing evidence that the defendant presents a danger to the community, and by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight."  United States v. English, 629 F.2d 311, 319 (2d Cir. 2011) (internal quotations and citation omitted).  Clear and convincing evidence is more than a preponderance but less than beyond a reasonable doubt and requires that the evidence support such a conclusion with a high degree of certainty.  Colin, 2007 WL 4377723, at *2 (internal quotations and citation omitted).

To determine whether the presumptions of dangerousness and flight are rebutted by a defendant, the Court must consider:

(1) the nature and circumstances of the crime charged;
(2) the weight of the evidence against the defendant;
(3) the history and characteristics of the defendant, including family ties, employment, financial resources, community ties, drug or alcohol abuse history and past conduct; and
(4) the nature and seriousness of the danger to the community or to an individual that would be posed by release.

18 U.S.C. § 3142(g).

Even if a defendant meets his burden of production relating to danger to the community and risk of flight, the presumption in favor of detention does not disappear entirely, but remains a factor for the court to consider.  Mercedes, 254 F.3d at 436.

For the reasons stated herein, the government believes that the proffered evidence establishes by a clear and convincing evidence that the defendant poses a serious danger to the community and by a preponderance of the evidence that the defendant presents a flight risk.  As such, there are no conditions or combination of conditions that will adequately ensure the safety of the community and deter flight.  See 18 U.S.C. § 3142(g).

B.   The Defendant's Sexual Exploitation of Jane Doe and Other Minors

On February 24, 2016, the New York Police Department ("NYPD") arrested Caroleo for assaulting a bus driver in Manhattan.  Caroleo was subsequently charged with felony assault in state court.  At the time of his arrest, Caroleo possessed a Motorola XT1565 Droid MAXX2 (the "Phone").  The NYPD seized the Phone at the time of Caroleo's arrest.  The Manhattan District Attorney's Office obtained the defendant's consent to search his Phone and the defendant signed the consent form on August 13, 2016.  The FBI later obtained a search warrant for the Phone, issued by Judge Pohorelsky, which was executed on September 9, 2016.

2

The Phone contained substantial evidence that the defendant coerced and enticed minor victims to engage in sexually explicit conduct, including a minor victim whose identity is known to the FBI and who has been interviewed by the FBI ("Jane Doe"). A review of the contents of Phone revealed numerous Kik messages between the defendant and female minors in various states throughout the United States. Kik is a social media application that allows users to transmit text messages, as well as image and video files. The account name for the Kik application installed on the defendant's Phone was "Nimfeater." A review of Nimfeater's Kik activity revealed a series of Kik messages between "Nimfeater" and various Kik users, who have been identified as minors, in which Caroleo requests photographs of the minors' genitalia. In addition, Caroleo sent nude pictures of himself, including pictures of his penis, to the minors.

On October 11, 2016, Judge Levy authorized a search warrant of the Caroleo residence. The FBI executed the search warrant on October 12, 2016. The defendant was present in his house when the FBI executed the warrant. The FBI seized one tablet and two additional phones (the "Devices") from Caroleo during the search, which Caroleo acknowledged to be his. Based on a preliminary review of the Devices, they contain a large volume of additional Kik chats and nude pictures sent between the defendant and other Kik users who appear to be minors. Approximately six additional minor victims have been identified so far. During the search, agents also discovered a safe with three firearms inside. The defendant is a convicted felon.

A review of the defendant's Devices revealed that Caroleo exchanged Kik messages with Jane Doe on February 15, 2016. During the conversation, the defendant asked Jane Doe to take a video of Jane Doe masturbating. Jane Doe sent two close-up photos of her vagina to the defendant via Kik, including one where she appears to be digitally penetrating herself. Based on a review of the defendant's Devices, it appears the defendant and Jane Doe communicated up until the day of the defendant's arrest on October 12, 2016. The agent found multiple images and videos of Jane Doe, including videos of Jane Doe masturbating. The agent also found a video of what appears to be Jane Doe performing oral sex on a dog.

FBI agents interviewed Jane Doe earlier this year at her home in Alabama. Jane Doe stated that she started chatting on the Kik app in November 2015 (when she was 14 years old) with an unidentified man from New York who claimed to be 18 years old. They continued to chat on Kik until approximately August or September 2016. During that time, the man told her he was involved in an accident on a bus in New York, and that he was actually 27. Later, he admitted that he was 50. It was around the time of that admission that Jane Doe stated that she stopped communicating with him. Jane Doe admitted that while they were communicating, the man asked her for naked and sexually explicit pictures of herself, which she sent to him. She stated that he also sent pictures of his genitals to her. Jane Doe further stated that the man asked her to video herself performing sexual acts with dogs and suggested specific acts.

On October 12, 2016, the defendant spoke with the FBI during the search of his residence. Caroleo stated to the FBI, in sum and substance, that he used Kik to talk to females he knew were minors and asked them send him nude photographs of themselves. Caroleo also signed a statement admitting this conduct.

In addition to the above evidence, numerous images of child pornography were discovered on the defendant's Phone that he distributed and received. A description of some of these images and video, as set forth in the indictment, follows:

a. 807b8dda5e6692909634f53c87379a30.jpg is an image of a prepubescent female, approximately 6 years old, being vaginally penetrated with an adult hand.

b. ff9a01fc71d3a675a375c9e4918ea1f3.jpg is an image of a prepubescent female, approximately 11 years old, being vaginally penetrated by an adult male penis.

c. 1d39e9a2-5011-44af-9b76-46285c7e4eda.mp4 is a video of a prepubescent female, approximately 12 years old, digitally penetrating herself.

On January 17, 2016, the defendant shared the images described above with another adult male individual via Kik. The adult male individual also sent the child pornography video described above to the defendant via Kik.

C.   The Defendant Is a Danger to the Community and Presents a Serious Risk of Flight

   1.   Nature and Circumstances of the Crime Charged

The defendant is charged with crimes involving minor victims that carry serious penalties. He faces a statutory minimum of 15 years' imprisonment and a statutory maximum of 30 years' imprisonment. The government estimates that the defendant's Guidelines range is approximately 262-327 months' imprisonment. The nature and circumstances of the crime charged therefore weigh in favor of detention.

   2.   Weight of the Evidence Against the Defendant

As discussed above, Jane Doe has detailed her communications with the defendant and confirmed that he asked her to send, and she did in fact send, sexually explicit images and videos of herself to the defendant. The defendant also admitted that he knew the females he spoke to on Kik were underage. The defendant also notably admitted that he had asked these minor females for nude photographs of themselves. In addition, the messages, photographs and videos within the Kik app and on the defendant's Devices corroborate that the defendant asked female minors in several states to send sexually explicit images and

videos of themselves, and many of them complied. Some of these females were as young as 12 years old. In short, the evidence against the defendant is very strong, and this factor also weighs in favor of detention.

### 3. History and Characteristics of the Defendant/Ties to the Community

The defendant currently lives in Staten Island, with his wife, sister-in-law and his adult son. The defendant is a U.S. citizen. He has another adult son and a grandchild who also live in the New York City area. The defendant is currently unemployed is attempting to collect workers' compensation for a work-related injury. He was previously employed as an elevator repairman for approximately six years. The defendant has a significant criminal history. The defendant has been previously convicted on charges of criminal possession of a weapon and criminal possession of a loaded firearm. He is also currently facing charges of felony assault in state court and is facing up to seven years in prison for that crime if he is convicted. While the defendant has ties to the community, his flight risk is heightened due to his criminal history and his pending criminal cases in federal and state court.

### 4. Nature and Seriousness of the Danger to the Community

In addition to the statutory presumption that the defendant should be detained, detention is warranted for the further reason that the defendant presents a very real danger to the community. He is charged with sexually exploiting a minor girl. The government is aware of other potential victims and its investigation is ongoing. The other members of the defendant's household have access to electronic devices, and no matter what bail conditions are imposed, there is no way to ensure the defendant does not sexually exploit additional minors via the internet. Indeed, Judge Bianco has noted that "[b]ecause of a person's ability to use his or her home, a computer, and/or a mobile phone to commit this type of alleged violent conduct, the ability to monitor, to detect, and to prevent such conduct from reoccurring on bail is extremely difficult." Valerio, 9 F. Supp. 3d at 289. Finally, the defendant is a convicted felon who was in possession of firearms in a safe in his residence.

Conclusion

   For the reasons stated above, the defendant should be permanently detained pending trial.

                Respectfully submitted,

                BRIDGET M. ROHDE
                Acting United States Attorney

          By:  /s/
                Erin E. Argo
                Assistant U.S. Attorney
                (718) 254-6049

cc:  Clerk of the Court (ENV) (by ECF)
   Michael Brown II, Esq. (by Hand)