

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MCM:EEA/ANW
F. #2016R01958

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 8, 2019

By ECF

The Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Blaise Caroleo
      Criminal Docket No. 17-177 (S-1) (ENV)

Dear Judge Vitaliano:

   The government respectfully submits this letter in response to the Court's Order directing the parties to submit supplemental briefing regarding the government's motion in limine seeking to introduce at trial an August 9, 2019, e-mail written by the defendant to his attorney admitting that he possessed images of minors, but which he subsequently submitted to the Court, thereby waiving attorney-client privilege (the "August 9 Email"). Specifically, the Court seeks the parties' positions on whether Rules 502(b) or 502(d) of the Federal Rules of Evidence ("Rule 502(b) and 502(d)") are applicable here. For the reasons stated below, Rules 502(b) and 502(d) do not apply, and the Court should find that the defendant has waived privilege with respect to the August 9 Email.

I. Relevant Background

   On September 10, 2019, the defendant submitted a pro se letter to the Court, which attached email communications that the defendant had with his various attorneys during this case and was filed on the public docket on September 16, 2019. (See Docket Entry No. 72.) In the August 9 Email, the defendant wrote: "I had 4 thousand pictures in my phone 99.5% of them were archetecture [sic], sites, family and pets less then [sic] 1% were the victims . . ." and "I am guilty of having pictures of adolescent children and sexing." (See id. at 4.) The defendant also stated that "this is a tiny picture of my life which has been lived raising good children who never broke any law and being with a good woman for over 40 years who never broke any laws, I truly love my pets as family members and i [sic] worked harder and more hours then [sic] should have been allowed by law."

II.  Legal Standard

  A.  Waiver of Attorney-Client Privilege

"It is long-established in the Second Circuit that subsequent disclosure of materials by a client to a third party waives any privilege that may once have been attributable to the materials." Hollis v. O'Driscoll, 13 CV 01955, 2013 WL 2896860, at *2 (S.D.N.Y. June 11, 2013) (citing In re Horowitz, 482 F.2d 72, 81 (2d Cir. 1973); see also United States v. Mejia, 655 F.3d 126, 133 (2d Cir. 2011) (disclosing attorney-client communications to a third party on a monitored telephone line at a Bureau of Prisons facility constituted a waiver of the attorney-client privilege); La Suisse, Societe d'Assurances Sur La Vie v. Kraus, 62 F. Supp. 3d 358, 363 (S.D.N.Y. 2014) ("The attorney-client privilege does not normally attach to privileged communications that are disclosed to persons who are neither the attorney nor the client.") (citing Ratliff v. Davis Polk & Wardwell, 354 F.3d 165, 170 n.5 (2d Cir. 2003)). Moreover, where a client "voluntarily undertakes actions that will predictably lead to the disclosure of the document, then waiver will follow." Bowne of N.Y. City, Inc. v. AmBase Corp., 150 F.R.D. 465, 479 (S.D.N.Y. 1993).

  B.  Rules 502(b) of the Federal Rules of Evidence

Under Rule 502(b), a disclosure of an attorney-client communication in a federal proceeding does not operate as a waiver if "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error . . . ." Fed. R. Evid. 502(b). The Court must first determine whether the disclosure occurred by mistake or unintentionally. Valentin v. Bank of New York Mellon Corp., 09 CV 9448, 2011 WL 1466122, at *2 (S.D.N.Y. Apr. 14, 2011) (noting that "[d]isclosure is unintentional even if a document is deliberately produced, where the producing party fails to recognize its privileged nature at the time of production."). Second, the Court must determine whether reasonable, even if not "perfect," steps were taken to prevent disclosure. Id. Finally, the Court must determine whether the holder of the privilege acted promptly to rectify the disclosure of the privileged document. See Jacob v. Duane Reade, Inc., 11 CV 0160, 2012 WL 651536, at *5 (S.D.N.Y. Feb. 28, 2012).

III.  Analysis

  A.  The Court Should Find That the Defendant's Disclosure Was Not Inadvertent Under Rule 502(b)

As an initial matter, there is no question that the defendant disclosed the August 9 Email to a third party when he submitted it to the Court prior to its public filing. The question is whether the defendant waived privilege through his disclosure of the August 9 Email to the Court in a manner that predictably led to its disclosure to the government and the public. The government submits that he did. First, under Rule 502(b)(1), the defendant's disclosure was not a mistake or unintentional. The defendant took affirmative steps to attach the August 9

2

Email to the September 10, 2019 letter that he submitted to the Court. Indeed, in his letter, the defendant states that "[t]o show that I have made my attorneys aware of these issues, I am including emails from March 2018 through up to two weeks ago. I have many more available upon request. I am also including evidence of prosecutorial misconduct that I alerted my attorneys to through email . . . ." (See ECF No. 72, at 1.) Thus, the defendant clearly recognized that he was disclosing (and wanted to disclose) attorney-client communications to the Court, the government and others. Cf. Valentin, 2011 WL 1466122, at *2 (describing where a party failed to recognize documents were privileged before they were marked as exhibits at deposition). By choosing to attach the August 9 Email to his letter, the defendant did not take any steps to prevent its disclosure under Rule 502(b)(2).

Finally, the defendant has failed to take reasonable steps to rectify the error under Rule 502(b)(3). The privileged communications, including the August 9 Email, have been on the public docket for nearly two months. In fact, it was not until November 5, 2019, after the government filed its motion in limine, seeking to admit the defendant's admissions that defense counsel—not the defendant-the holder of the privilege—suggested that the email was inappropriately filed. (See ECF No. 88.) Therefore, the Court should find that the defendant did not act promptly or diligently to rectify his error. See Jacob, 2012 WL 651536, at *5 (concluding defendants did not act promptly to rectify disclosure of privileged email when they failed to raise a privilege objection or demand email's return for more than two months); Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc., No. 96 CV 2064 (RWS), 1996 WL 668862, at *5 (S.D.N.Y. Nov. 19, 1996) (finding waiver where party waited one month to request return of privileged documents).

Although the defendant filed his letter pro se, his pro se status does obviate his waiver of privilege. See Hollis, 2013 WL 2896860, at *4 (explaining that case law does not support conclusion that it is "unfair to hold lay people accountable for their errors when engaged in the litigation process"). In Hollis, a respondent's pro bono counsel moved to strike a privileged document that the respondent had filed and attached to a pleading when he was proceeding pro se. Notably, in concluding that the respondent had waived privilege, the Court explained:

> To the extent that Respondent now realizes that she may have made a mistake in choosing to submit her timeline to the Court, such after-the-fact regrets do not alter the analysis regarding whether she waived the privilege. Respondent cites no authority for the proposition that strategic errors committed by a party while proceeding pro se may be corrected nunc pro tunc after the party has obtained counsel to advise them on what, in retrospect, may have been an unwise course of action.

Id. at *3 (finding no case law to support the argument that party must "thoroughly understand the nature of the attorney-client privilege before it can be waived"). Similarly, here, the defendant cannot now correct what may now appear to him to have been "an unwise course of action" and the defendant cites no authority to do so.

3

Accordingly, the defendant waived his attorney-client privilege as to attorney-client communications he submitted to the Court, including the August 9 Email. The government, therefore, should be permitted to admit at trial the defendant's written statements and admission, including that "I had 4 thousand pictures in my phone 99.5% of them were archetecture [sic], sites, family and pets less then [sic] 1% were the victims . . ." and "I am guilty of having pictures of adolescent children and sexing," pursuant to Rule 801(d)(2). In addition, for the reasons explained in the government's November 1, 2019, letter brief, the Court should preclude the defendant from offering self-serving statements within the document that constitute inadmissible hearsay. Should the defendant wish to provide exculpatory statements to the jury he has the option to testify and be subjected to cross-examination.

### B. The Court Should Decline to Issue an Order Pursuant to Rule 502(d)

Under Rule 502(d), "a federal court may order that the privilege is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d). The purpose of such an order is to "limit[ ] the costs of privilege review and retention, especially in cases involving electronic discovery. Fed. R. Evid. 502(d) Advisory Committee Notes; see also United States v. BNP Paribas Mortg. Corp. v. Bank of America, N.A., 2013 WL 2322678, at *9 (May 21, 2013) (noting that the Statement of Congressional Intent stated that "this subdivision . . . is designed to enable a court to enter an order . . . that will allow the parties to conduct and respond to discovery expeditiously, without the need for exhaustive pre-production privilege reviews, while still preserving each party's right to assert the privilege to preclude use in litigation of information disclosed in such discovery"). Here, the defendant does not seek an order to conduct an expeditious privilege review; instead, he seeks to claw back communications with his counsel that he intentionally disclosed, thereby breaking privilege. Therefore, the government submits that in order to comply with the purpose and spirit of Rule 502(d), the Court should decline to issue an order under Rule 502(d) to cure the defendant's waiver of privilege.

4

IV.     Conclusion

For the foregoing reasons, the Court should grant the government's motion <u>in limine</u> for limited use of admissions made by the defendant in the August 9 Email at trial.

                                        Respectfully submitted,

                                        RICHARD P. DONOGHUE
                                        United States Attorney

                          By:    /s/  Alicia N. Washington
                                        Alicia N. Washington
                                        Erin E. Argo
                                        Assistant U.S. Attorney
                                        (718) 254-6009/6049

cc:     Marion Seltzer, Esq. (by ECF)