```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA                    :
                                            :
            -against-                       :
                                            :           MEMORANDUM & ORDER
                                            :
BLAISE CAROLEO,                             :
also known as "Nimfeater,"                  :           17-cr-177 (ENV)
                                            :
                        Defendant.          :
------------------------------------------------------------ x
```

VITALIANO, D.J.

The government has moved *in limine* under Federal Rule of Evidence 801(d)(2) to offer, in its case in chief, an admission of defendant Blaise Caroleo that was sent to the Court, *pro se*, *ex parte*, and while incarcerated, which was filed by the Clerk in the ordinary course on the public docket. Dkt. 84 ("Gov't's Mot.") at 6–7; *see* Dkt. 72, at 4. Caroleo has responded by moving to exclude the admission. Dkt. 93 ("Def.'s Mot.) & 94 (Def.'s Mem.). Following argument on November 7, 2019, and having considered the briefing by the parties, the government's motion is denied, and Caroleo's motion is granted.

Two points are clear and unassailable: first, the statement the government seeks to admit is an admission made by Caroleo and would be admissible on that basis under Rule 801(d)(2); second, the admission was contained in a communication that was sent to his attorney and would have, on that basis, been protected by the attorney-client privilege. *See United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011). The issue presented is whether, by sending the privileged email to the Court as an attachment to his letter, he waived the attorney-client privilege, *see id.* at 133, or instead, whether any inadvertence in the disclosure of the admission saves the privilege from waiver. *See* Fed. R. Evid. 502(b); *see also* Fed. R. Evid. 502(d).

Ordinarily, the knowing disclosure of materials protected by the attorney-client privilege

1

to someone other than the attorney representing that party would be a classic waiver of the privilege. *Mejia*, 655 F.3d at 133. A client need only intend the disclosure to waive privilege; knowledge of the waiver implications of the disclosure is not required. *See Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 479 (S.D.N.Y. 1993) ("Waiver does not require that the privilege holder 'intentionally relinquish[ ] a known right.' If he voluntarily undertakes actions that will predictably lead to the disclosure of the document, then waiver will follow." (internal citations omitted) (quoting 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Evidence*, ¶ 511–6 to 7 & nn. 14–16 (1990))); *see also In re Grand Jury Investigation of Ocean Transp.*, 604 F.2d 672, 675 (D.C. Cir. 1979) ("An intent to waive one's privilege is not necessary for such a waiver to occur."). If the disclosure is inadvertent, privilege is not waived if the party asserting privilege "took reasonable steps to prevent disclosure," Fed. R. Evid. 502(b)(2), and "to rectify the error." Fed. R. Evid. 502(b)(3). Even if the disclosure is not "inadvertent" under Rule 502(b), however, a court may nevertheless "order that privilege or protection is not waived by disclosure connected with the litigation pending before the court." Fed. R. Evid. 502(d).

The government is correct that the circumstances here do not fit harmoniously within the confines of Rule 502(b). Caroleo, it contends, intentionally attached extensive email correspondence with his counsel, and it argues that his actions were not inadvertent, nor did he take reasonable steps to prevent disclosure. Dkt. 95 ("Gov't's Mem.") at 2–3. It also argues that by waiting only until after its motion *in limine* to claim privilege—almost two months after the letter had been filed—Caroleo failed to take reasonable steps to rectify his error. *Id.* at 3.

Even accepting the government's argument that the circumstances here do not qualify for an exception to the waiver of the attorney-client privilege under the strictures of Rule 502(b), the circumstances of Caroleo's disclosure are permeated with inadvertence—and, it is significant

that these circumstances are compellingly unusual. Caroleo's letter was sent from the Metropolitan Detention Center, outside the reach of the technological niceties that would have made the tailoring of his letter easier. All in all, it is compelling that the disclosure of this admission to the Court, particularly since it was unrelated to the purpose of his letter, was inadvertent rather than intentional. Pointedly, acting without the assistance of counsel, Caroleo intended to communicate exclusively with the Court about a matter before the Court, which was unrelated to the majority of the correspondence he attached to his letter, and, no doubt, he was unaware that the letter and its attachments would be filed on the public docket.

Caroleo's counsel appropriately calls attention to analog provisions in the Federal Rules of Civil Procedure that provide for a clawback of confidential documents contained among other materials knowingly produced. *See* Def's Mem. at 1–2. Pursuant to Federal Rule of Civil Procedure 26, which is referenced by Federal Rule of Evidence 502(b), a party in receipt of information subject to a claim of privilege must, after being notified, "promptly return, sequester, or destroy the specified information." Fed. R. Civ. P. 26(b)(5)(B). In this world of electronic document production by the terabyte, bench and bar concluded that it was incumbent not to slow production pending scrupulous scrutiny of each document for privilege. *See id.* advisory committee's note to 2006 amendment (noting that the risk of waiver as to electronically stored information "and the time and effort required to avoid it, can increase substantially because of the volume of electronically stored information and the difficulty in ensuring that all information to be produced has in fact been reviewed").

Defendant urges its application here. That is, like in the case of civil electronic document production, the admission the government seeks to use in its case in chief was inadvertently included among the materials he intended to send to the Court. Def's Mem. at 1, 3. The

3

discretion afforded to the Court by Federal Rule of Evidence 502(d), then, would allow the Court to remedy similar inadvertent disclosures in the criminal context. Although the Court recognizes the government's position that Rule 502(d) is ordinarily relied upon in cases involving costly and extensive discovery, *see* Gov't's Mem. at 4, that Rule need not, by its plain terms, be limited to circumstances related to electronic production of documents. To the extent that the admission contained in Caroleo's otherwise privileged email to his lawyer does not qualify as an inadvertent disclosure under Rule 502(b) outright, clawback in these unusual circumstances of an incarcerated defendant attempting to communicate with the Court about a matter then pending before the Court is appropriate under Rule 502(d).

For the foregoing reasons, the government's motion *in limine* is denied, and Caroleo's motion to exclude is granted.

So Ordered.

Dated: Brooklyn, New York
         November 11, 2019

                                        /s/ Eric N. Vitaliano
                                        ERIC N. VITALIANO
                                        United States District Judge