**MARION A. SELTZER**
**Attorney at Law**
**1725 York Avenue - Suite 16B**
**New York, New York 10128**

**Telephone:   (212) 289-8798**         **E-mail:   MarionSeltzer23@gmail.com**
 **Mobile : (917) 922-8640**

November 30, 2021

Hon. Eric N. Vitaliano
United States District Judge EDNY
225 Cadman Plaza East
Brooklyn New York 11201

BY ECF

      Re: United States of America v Blaise Caroleo, 17 CR 177 (ENV)

Dear Judge Vitaliano,

  I write concerning the sentencing of my client Blaise Caroleo, presently scheduled for December 8, 2021.  Over the last week, despite the fact that all sentencing memos had been submitted and despite the fact that Mr. Caroleo had been in possession of his PSI for many months, I was advised by my client that he was not ready to proceed to sentencing.

  Mr. Caroleo plead guilty to Count 4 of the Indictment after a jury was selected before Your Honor.  He now believes that a sentencing hearing should be held because he argues that since he had been prescribed testosterone during and prior to his commission of the crimes, the court should hold a hearing, at which he believes the evidence would show diminished intent.  Mr Caroleo argues that this is a factor that should be considered by the court in mitigation of sentence.  After Mr. Caroleo raised this issue with me,  I reviewed the PSI, the psychological report prepared by Dr. Sasha Bardey and other documents in the discovery and court files.  There is no reference in the PSI that my client raised the issue of testosterone to U.S. Probation or to

Dr. Bardey. There is no reference at all to testosterone in either report.

My client then advised me that he told Sanford Talkin one of his prior lawyers in this case about testosterone and that Mr. Talkin would support his argument. I spoke to Mr. Talkin earlier today and he advised me that in regard to testosterone he "recalls Mr. Caroleo raising the subject but it never amounted to anything."

I researched the issue of the side effects of testosterone to determine if there is any literature that would suggest that testosterone use might diminish a perpetrator's intent to commit a crime. I found nothing but I raise this issue because although my client would like a pre-sentencing hearing, I have no witnesses to call or arguments to make.

Finally, Mr. Caroleo objects to the use of the term "coercion" in the pre-sentence report and asks that the word be stricken. Mr. Caroleo asserts that since he never met any of the girls with whom he sexted he could not have coerced them. My review of the PSI reveals that the word "coercion" is mostly used in the context of quoting from the United States Code or the Sentencing Guidelines, but I suggested to my client that the word "coercion," at least mental coercion might be a synonym for the terms "persuaded" "induced" or "enticed," which are also terms used in 18 USC §2251 (a) and (e).

I contacted AUSA Erin Argo in regard to the issues that may prevent the sentencing next week from proceeding smoothly. She advised me that she has witnesses coming to New York who will appear at sentencing. I also received an email from USPO Jennifer Fischer who prepared the PSI who inquired whether she needed to appear in court if sentencing would not go forward. For this reason I suggest that the court either address these issues with Mr Caroleo in a separate proceeding (either by zoom or otherwise) and then set another sentencing date.

Respectfully yours,

*Marion Seltzer*